UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOEL B. ROBERTSON,                )        No.  CV 04-9125-JTL
                                  )
              Plaintiff,          )
                                  )        MEMORANDUM OPINION AND ORDER
       v.                         )
                                  )
JO ANNE B. BARNHART,              )
Commissioner of Social            )
Security,                         )
                                  )
              Defendant.          )
_____ )

**PROCEEDINGS**

On November 4, 2004, Joel B. Robertson ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits.  On December 15, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on May 13, 2005, defendant filed an Answer to Complaint.  On August 30, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On August 26, 2002, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ["AR"] at 42-45). Plaintiff alleged that beginning on July 14, 2001, he was unable to work because he suffered from heavy metal poisoning, encephalopathy, and attention deficit disorder. (AR at 55). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 21, 22-25).

On or about February 21, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 26). On August 14, 2003, Administrative Law Judge Edward D. Steinman conducted a hearing in Pasadena, California. (AR at 231-54). Plaintiff appeared at the hearing with his counsel and testified. (AR at 234-49). Sandra Snyder, a vocational expert, was also present and testified. (AR at 235, 250-53).

On September 26, 2003, the ALJ issued his decision denying benefits. (AR at 14-20). In his decision, the ALJ concluded that plaintiff suffered from affective disorder that is severe within the meaning of the Social Security Regulations, and a non-severe organic mental disorder. (AR at 19). According to the ALJ, however, neither of these impairments met or equaled any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ concluded that plaintiff retained the residual functional capacity to perform his past work activity as an insurance claims adjuster. (AR at 20). The ALJ found that plaintiff had no physical limitations and that his mental impairments imposed only mild restrictions in activities of daily living and social functioning, and mild difficulties in maintaining

concentration, persistence, or pace.  (AR at 20).   Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act.  (AR at 22).

On November 25, 2003, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision.  (AR at 9).   The Appeals Council subsequently affirmed the ALJ's decision.  (AR at 4-6).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred in determining that plaintiff retained the functional ability to perform his past work activity as a claims adjuster.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be

upheld.   <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

<strong>DISCUSSION</strong>

**A.   <u>The Sequential Evaluation</u>**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled.   20 C.F.R. §§ 404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).   At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity.   (<u>Id.</u> at 140).   At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities.   (<u>Id.</u> at 140-41).   Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity.   (<u>Id.</u> at 141).   If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Id.</u>   If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past.   <u>Bowen</u>, 482 U.S. at 141.   If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience.   (<u>Id.</u> at 142).   The claimant is entitled to disability benefits only if he is not able to perform such work.   (<u>Id.</u>).

///

///

4

**B.   <u>Plaintiff's Ability to Perform Past Work Activity</u>**

Plaintiff claims that the ALJ erred in finding that plaintiff retained the residual capacity to perform his past relevant work as an insurance claims adjuster.  Plaintiff contends that the reasoning level required to perform the work of a claims adjuster surpasses plaintiff's capabilities.

The Dictionary of Occupational Titles ("DOT") describes the duties and requirements of the many jobs that it chronicles.  In doing so, the DOT applies a General Education Development ("GED") scale to each job. Three sections comprise the GED: (1) reasoning development; (2) mathematical development; and (3) language development.  The DOT assigns each of these three sections a number between one and six, one being the least complex and six being the most complex.  The DOT categorizes the reasoning development of a claims adjuster as level five.  DOT 241.217-010 (4th ed. 1991).  Occupations that require level five reasoning development require an individual to be able to do the following:

> Apply principles of logical or scientific thinking to define problems, collect data, establish facts, and draw valid conclusions. Interpret an extensive variety of technical instructions in mathematical or diagrammatic form. Deal with several abstract and concrete variables.

DOT, Vol. 1, App. C. at 1010 (4th ed. 1991).  Plaintiff contends that the level five reasoning requirements are inconsistent with the ALJ's determination that plaintiff "has retained the ability to do simple repetitive tasks."  (AR at 18).  As discussed below, the Court agrees.

///

"In determining what exertional demands are required to perform a type of work, the ALJ may rely on the general job categories of the Dictionary [of Occupational Titles], with its supplementary Selected Characteristics, as presumptively applicable to a claimant's prior work." Hill v. Barnhart, 2003 WL 151536 at *4 (N.D. Cal. Jan. 15. 2003). Alternatively, an ALJ may rely on a vocational expert's testimony to determine the demands of a claimant's past relevant work. Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997). But when the expert's testimony conflicts with the DOT, the ALJ may rely on the expert "only insofar as the record contains persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir 1995). "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony." Light, 119 F.3d at 793 (citations omitted).

Here, the ALJ's written findings with respect to plaintiff's mental functioning capacity appear to be inconsistent. In the context of reviewing the medical evidence regarding plaintiff's mental capacity, the ALJ concludes that, "[plaintiff] has retained the ability to do simple repetitive tasks." (AR at 18). The ALJ concludes later in his decision, however, that plaintiff retains the functional capacity to do "simple and complex tasks." (AR at 20). There is no discussion or evidence to which the ALJ cites that supports a finding that plaintiff can perform complex tasks.

It is not difficult to conclude that the reasoning requirements demanded of a claims adjuster exceed the reasoning capacity that both the ALJ and the vocational expert concluded plaintiff has retained. In his hypothetical to the vocational expert, the ALJ referenced a

Psychological Evaluation conducted by Rosa M. Colonna, Ph.D.  In her evaluation, Dr. Colonna opined, in relevant part:

> At this time, [plaintiff] would be able to understand, remember, and carryout short simple instructions without difficulty.  His ability to understand and remember detailed instructions does not appear to be impaired; however, his ability to carryout detailed instructions appears to be mildly impaired. [Plaintiff] would be able to make simple work-related decisions without impairment.  His ability to work with or near others without being distracted by him appears to be mildly impaired. [Plaintiff] would be able to make simple work-related decisions without impairment.

(AR at 179).  In the hypothetical presented to the vocational expert, the ALJ also limited plaintiff to "simple repetitive tasks, detailed work, okay, public and co-workers..."  (AR at 250).  But for the reference to Dr. Colonna's report, the ALJ did not distinguish between plaintiff's ability to understand, remember, or carry out detailed instructions.  The DOT's classification of a claims adjuster, however, requires someone to be able to engage in more than simple and repetitive work.  Indeed, such occupations demand that plaintiff "[a]pply principles of logical or scientific thinking to define problems" and "[i]nterpret an extensive variety of technical instructions in mathematical or diagrammatic form."  DOT Vol. 1, App. C. at 1010 (4th ed. 1991).  Although the vocational expert opined that plaintiff could perform his past work activity as an insurance claims adjuster (AR at 250), the job requirements cannot be reconciled with Dr. Colonna's assessment that plaintiff has mild limitations in various aspects of his mental reasoning.

In sum, an occupation requiring level five reasoning development requires more than the ability to perform "simple and complex tasks." (AR at 20).  Rather, it requires a degree of sophisticated reasoning

1    and analysis.  The ALJ's one reference to plaintiff's ability to
2    perform "complex tasks" (AR at 20) without any further explanation or
3    support fails to definitively encompass the sophisticated reasoning
4    requirements of a level five occupation.  As such, substantial evidence
5    does not support the ALJ's determination that plaintiff retains the
6    capability to work as an insurance claims adjuster.

7          The Court can affirm the ALJ's decision only if the record
8    contains persuasive evidence to support the vocational expert's
9    deviation.  See Johnson, 60 F.3d at 1435.  Moreover, the Ninth Circuit
10   requires specific findings of fact regarding a plaintiff's residual
11   functionality or inferences drawn from the context of the vocational
12   expert's testimony in support of a deviation.  Light, 119 F.3d at 793.
13   Here, the ALJ did not provide specific reasons in the record that
14   supported the vocational expert's opinion even in light of the fact
15   that the limits described by Dr. Colonna would render plaintiff unable
16   to meet the reasoning requirements of a claims adjuster.  Accordingly,
17   the ALJ erred in relying on the vocational expert's testimony without
18   making specific findings to explain his deviation from the DOT.

19   **C.   <u>Remand is Required to Remedy Defects in the ALJ's Decision</u>**

20         The choice of whether to reverse and remand for further
21   administrative proceedings, or to reverse and simply award benefits,
22   is within the discretion of the Court.  McAlister v. Sullivan, 888
23   F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional
24   proceedings would remedy defects in the ALJ's decision, and where the
25   record should be developed more fully.  McAlister, 888 F.2d at 603;
26   Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990).  An award of
27   benefits is appropriate where no useful purpose would be served by
28

further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits.  See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate.  On remand, the ALJ must determine whether plaintiff has the residual functional capacity to perform his past relevant work as an insurance claims adjuster.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: November 15, 2005

_____/s/_____
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE