UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOEL B. ROBERTSON | ) | No.  CV 04-9125-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AWARDING ATTORNEY FEES |
| v. | ) | PURSUANT TO 42 U.S.C. § 406(b) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**BACKGROUND**

On November 4, 2004, Joel B. Robertson ("plaintiff") filed a Complaint seeking review of the denial of his application for disability insurance benefits.  On December 15, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on May 13, 2005, Michael J. Astrue ("defendant") filed an Answer to the Complaint.

On August 30, 2005, the parties filed their Joint Stipulation. On November 15, 2005, the Court filed a Memorandum Opinion and Order and entered Judgement remanding the case for further administrative proceedings and instructing the Administrative Law Judge ("ALJ") to

determine whether plaintiff has the residual functional capacity to perform his past relevant work as an insurance claims adjuster.  At the second ALJ hearing, the ALJ determined that plaintiff was entitled to disability benefits.  (See Motion, Exh. 2).  Thereafter, the Commissioner sent plaintiff a Notice of Award which provided for $74,811.00 in past-due benefits.  (See Motion, Exh. 3).

On March 30, 2006, plaintiff and defendant entered into a stipulation for an award of attorney's fees in the amount of $3,900.00 to plaintiff's counsel under the Equal Access to Justice Act ("EAJA"). The Court entered an order awarding EAJA fees in the amount of $3,900.00 on March 30, 2006.

On June 13, 2007, plaintiff filed a motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b), which included a supporting memorandum of points and authorities and a declaration from plaintiff's counsel, Steven G. Rosales.  In his motion, plaintiff requests fees in the amount of $18,702.75, pursuant to the provision set forth in his contingent-fee contract with counsel.  The requested fee is based on 23.0 hours of attorney time and 3.3 hours of paralegal time before the district court.  (Motion at 3).

On June 22, 2007, defendant filed a response to plaintiff's motion.  In his response, defendant noted that plaintiff's case only involved a single issue that was neither complex nor atypical: whether the ALJ erred in determining plaintiff retained the residual functional capacity to perform his past relevant work.  (Response at 5).  Defendant also noted that the requested fee amounts to an hourly rate of $760.77 for attorney time and $356.16 for paralegal time. (Response at 5-6).

///

1      On August 17, 2007, plaintiff filed an amended motion for

2  attorney's fees pursuant to 42 U.S.C. § 406(b).   In his amended

3  motion, plaintiff informed the Court that plaintiff's counsel had

4  received an award of $7,000.00 in administrative attorney's fees and

5  reduced his fee request under 42 U.S.C. § 406(b) by $7,000.00.

6  (Amended Motion at 1).   Plaintiff's amended motion requests fees in

7  the amount of $11,702.75 and recommends that the court direct

8  plaintiff's counsel to directly reimburse plaintiff in the amount of

9  $3,900.00 to offset the attorney's fee award that the Commissioner has

10  paid to counsel under the EAJA.   (Amended Motion at 2).

11

12                             **DISCUSSION**

13      Congress authorized payment of a reasonable fee for

14  representation of a successful social security claimant.   46 U.S.C. §

15  406(b).  A "reasonable fee" cannot be in excess of 25 percent of the

16  past-due benefits to which the claimant is entitled by his or her

17  judgement.   46 U.S.C. § 406(b)(1)(A).   This fee provision is not

18  intended to displace contingent-fee agreements as a means to set fees

19  for representation of social security benefit claimants.  Gisbrecht v.

20  Barnhart, 535 U.S. 789, 807 (2002).   Nor does it imply that all

21  continent-fee agreements that provide for fees up to 25 percent of the

22  past-due benefits awarded are reasonable per se.   Id.   Instead, in

23  order to recover fees under section 406(b), an attorney for a

24  successful claimant must show that the fee sought is within the 25

25  percent boundary, and that the fee sought is reasonable for the

26  services rendered in the course of his or her representation before

27  the district court.   Id.

28  ///

1    Accordingly, even when a contingent-fee falls within the 25
2    percent boundary, the court may reduce the fee if the court finds it
3    unreasonable. Gisbrecht, 535 U.S. at 807.   In order to determine
4    whether a fee is reasonable, courts have considered the attorney's
5    recovery based on the character of the representation and the results
6    the representation achieved.   Id. at 808.   For example, if the
7    attorney is responsible for delay, "a reduction is in order so that
8    the attorney will not profit from the accumulation of benefits during
9    the pendency of the case in court." Id.   Similarly, if the benefits
10   are large in comparison to the amount of time counsel spent on the
11   case, a downward adjustment is in order to avoid a windfall for the
12   attorney.   Id.; see Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173
13   (C.D. Cal. 2006) ("Counsel spent very little time on the case in
14   comparison to the amount of benefits now owing, and the issues briefed
15   in the summary judgment motion were neither novel nor complex."). If
16   the contingent-fee is found to be unreasonable, the court must adjust
17   the attorney's recovery accordingly. Gisbrecht, 535 U.S. at 808.

18   Here, the ALJ found that plaintiff was entitled to disability
19   insurance benefits and awarded plaintiff $74,811.00 in past-due
20   benefits.   Because plaintiff is a successful social security claimant,
21   plaintiff's attorney may be awarded a reasonable fee under section
22   406(b).

23   Plaintiff entered into a contingent-fee agreement with his
24   attorney on October 27, 2004. (Motion, Exh. 1). Under the terms of
25   the contingent-fee agreement, plaintiff agreed that his counsel would
26   receive 25 percent of the past-due benefits awarded upon reversal of
27   any unfavorable ALJ decision.   (See Motion at 28; Motion, Exh. 1).
28   Thus, the contingent-fee agreement provides for a fee that falls

within the acceptable range provided by section 406(b).  In addition, there is no basis to find, and none is alleged, that the contingent-fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent-fee agreement between a successful social security claimant and his attorney, the court must determine whether the contingent-fee is reasonable for the services rendered.  <u>Gisbrecht</u>, 535 U.S. at 807.  Here, plaintiff's counsel proposes to collect a net fee of $18,702.75, which is 25 percent of plaintiff's total award.  At the time of his representation, plaintiff's counsel, Steven G. Rosales, charged an hourly rate of $159.60, and the paralegal's hourly rate was $102.46.  (Motion, Exh. 4).  As noted in defendant's Reply, if plaintiff's counsel receives an award of $18,702.75, counsel will be compensated at an hourly rate of $760.77 for attorney time and $356.16 for paralegal time.  (Reply at 5).  In other words, plaintiff's counsel will be receiving a fee equivalent of roughly 4.7 times his normal hourly rate.

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent-fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel and his paralegal spent working on the case before the district court.  <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 808-09.  (<u>See</u> Motion, Exh. 4).  Plaintiff's counsel represented plaintiff before this Court when plaintiff filed his Complaint on November 4, 2004; when plaintiff complied with the Court's Order instructing plaintiff to serve the summons and the Complaint on defendant; when plaintiff filed his Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum on December 15, 2004; when the joint stipulation was filed on August 30, 2005, and

when the stipulation for fees under the EAJA was filed with the Court on March 30, 2006.

Of the 23 hours plaintiff's counsel spent representing plaintiff before the Court, plaintiff's counsel spent 14.3 hours preparing and revising the joint stipulation and an additional 1.9 hours conducting research regarding the issues presented. (Motion, Exh. 4).  As noted above, plaintiff raised one issue in the joint stipulation: whether the ALJ erred in determining that plaintiff retained the residual functional capacity to perform his past relevant work.  The Court recognizes Mr. Rosales's willingness to handle social security cases before the district court, his experience in the field, and his ability to secure benefits for plaintiff, and agrees that he is entitled to a fee pursuant to section 406(b).  After careful review of the joint stipulation, however, the Court finds that given Mr. Rosales' experience, the single issue that was raised, and the fact that the analysis did not involve any complex factual or legal issues, See Gisbrecht, 535 U.S. at 808; Grunseich v. Barnhart, 439 F. Supp. 2d 1032, 1033-1034 (C.D. Cal. 2006); Milam v. Barnhart, 387 F. Supp. 2d 656, 659 (W.D. Va. 2005).  Plaintiff raised a single issue in the Joint Stipulation that did not require any complex factual or legal analyses.  Accordingly, the Court finds that 10 hours to prepare and revise the Joint Stipulation is more reasonable than the 14.3 claimed hours.  In sum, the Court finds that a total of 11.9 hours is a reasonable period of time to spend on the research and preparation of the Joint Stipulation.

After an independent review of the case file to determine the reasonableness of the fee requested in light of the particular circumstances of this case, including the risks associated with

representation of numerous social security claimants on a contingent-fee basis, the Court finds that the effective hourly rate of $760.77 proposed by plaintiff is reasonable in this matter.

Accordingly, the Court finds a gross fee of $15,401.73 representing 18.7 hours of attorney time and 3.3 hours of paralegal time to be reasonable for the representation of plaintiff before the district court in this matter. Because plaintiff's counsel has already received an award of $7,000.00 in administrative fees, attorney's fees under section 406(b) are awarded in the gross amount of $8,401.73.

**CONCLUSION**

Based upon the foregoing, plaintiff's motion for attorney's fees is GRANTED IN PART. Attorney's fees under section 406(b) are awarded in the gross amount of $15,401.73, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits. Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $7,000.00 to offset the attorney's fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: September 5, 2007

                                    /s/
                         _____
                         JENNIFER T. LUM
                         UNITED STATES MAGISTRATE JUDGE